Avila-De La Cruz v. Blanche

BIA
Verrillo, IJ
A206 448 567

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

VICTOR AVILA-DE LA CRUZ,
> *Petitioner*,

v.                                                     **23-7919**
                                                       **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**            Jon E. Jessen, Law Offices of Jon E. Jessen,

LLC, Stamford, CT.

FOR RESPONDENT:             Brian M. Boynton, Principal Deputy Assistant
                           Attorney General; Vanessa M. Otero, Senior
                           Litigation Counsel; Rachel P. Berman-
                           Vaporis, Trial Attorney, Office of
                           Immigration Litigation, United States
                           Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Victor Avila-De La Cruz, a native and citizen of Guatemala, seeks

review of a November 2, 2023, order of the BIA affirming a June 2, 2021, decision

of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). *In re Victor Avila-De La Cruz*, No.

A206 448 567 (B.I.A. Nov. 2, 2023), *aff'g* No. A206 448 567 (Immig. Ct. Hartford

June 2, 2021). We assume the parties' familiarity with the underlying facts and

procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by

the BIA, i.e., minus the IJ's nexus finding that the BIA did not reach. *See Xue Hong*

*Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding

"under the substantial evidence standard," and generally review questions of law

2

de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026) (clarifying that some applications of law to fact, including "agency's determination whether a given set of undisputed facts rises to the level of persecution," are reviewed for substantial evidence). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.    Asylum and Withholding of Removal

An applicant for asylum and withholding of removal must demonstrate past persecution or a fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion[.]" *Id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). To be cognizable, a proposed particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). The agency concluded that Avila-De La Cruz's proposed particular social groups—"Guatemalan youth who refuse gang recruitment" and "Guatemalan youth opposing gang recruitment for moral opinions"—were not cognizable because they were not

3

sufficiently particular or socially distinct within Guatemalan society.    We agree.

Particularity requires the group in question to be "defined by characteristics that provide a clear benchmark for determining who falls within the group."    *Id.* at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239).    "The group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective."    *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239).

As the agency held, Avila-De La Cruz's proposed groups lack particularity because they do not contain discrete and objective identifiers capable of defining who falls into the group.    *See Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991) ("Possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group."); *see also Salazar v. Lynch*, 645 F. App'x 53, 55 (2d Cir. 2016) (summary order) (rejecting proposed group of "young Guatemalan males who resist or reject forcible gang membership").    Further, Avila-De La Cruz's groups are too subjective because "a determination about whether any petitioner fit[s] into the group . . . would necessitate a sociological analysis as to" whether and how an individual refused gang recruitment or was morally opposed to gang recruitment and how those actions "would have been viewed by others in their country."    *Ucelo-Gomez v.*

4

*Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

The agency also did not err in finding that Avila-De La Cruz failed to establish that his proposed social groups were socially distinct. "To be socially distinct, a group . . . must be perceived as a group by society." *Paloka*, 762 F.3d at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240). Here, nothing in the record suggests that individuals who refuse to join gangs are viewed differently from the rest of Guatemalan society; instead, it suggests that gangs target (and attempt to recruit) many Guatemalans from all backgrounds. While there is some evidence in the record that gang members treat those who resist recruitment differently, "a persecutor's perception alone is not enough, by itself, to establish a cognizable social group." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) (internal quotations omitted). Because there is little evidence suggesting that Guatemalan youth who resist gang recruitment are perceived as a distinct group by Guatemalan society, Avila-De La Cruz's proposed groups fail the social distinction test. *See Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

5

Avila-De La Cruz's arguments that he was targeted for actively refusing to sell drugs by throwing the drugs away and that his suffering was greater due to his young age do not show that he was targeted on account of his membership in a cognizable social group, but rather highlight that he was targeted for acts of defiance against a criminal enterprise. As the Government argues, his attempt to narrow the definition of his proposed groups to include only those who actively resist recruitment is unexhausted. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). And even if he had exhausted such a claim, his recharacterization of his proposed groups as including only those who affirmatively acted on their refusal to join a gang would not render his groups cognizable. *See Quintanilla-Mejia*, 3 F.4th at 589 (petitioner's proposed group of "former gang members who *actively* oppose gangs . . . does not assuage particularity and social-distinction concerns" (emphasis added)).

Avila-De La Cruz's failure to establish a cognizable particular social group is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

## II. CAT Relief

Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground.  *See* 8 C.F.R. § 1208.16(c)(2).  Instead, an applicant must show that he will "more likely than not" be tortured by or with the acquiescence of government officials.  *Id.* §§ 1208.16(c)(2), 1208.18(a)(1).  To show that torture is "more likely than not," an applicant "must establish that there is greater than a fifty percent chance . . . that he will be tortured upon return to his . . . country of origin."  *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003), *superseded by statute on other grounds*, 8 U.S.C. § 1252(a)(4).  "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur.  It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link."  *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

In finding that Avila-De La Cruz failed to show a likelihood of torture with government acquiescence, the IJ acknowledged widespread corruption, impunity, crime, and gang violence in Guatemala.  But it went on to explain that Avila-De

7

La Cruz had not been contacted or threatened by gang members since they beat him in 2014, he did not know the identity or whereabouts of his attackers, and he had not followed up on his report to police. Those findings are substantiated by the record and support the IJ's determination that Avila-De La Cruz did not establish a likelihood of torture. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also Mu-Xing Wang*, 320 F.3d at 144 (holding that beyond general country conditions evidence demonstrating incidents of torture in a country, an applicant for CAT relief must provide some evidence "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)); *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (noting that general violence does not establish a well-founded fear of persecution absent evidence of a particular risk to the applicant). Avila-De La Cruz failed to demonstrate that gangs remain interested in him in particular or would more likely than not target him for torture in the future, and thus the agency was not compelled to conclude that he established a likelihood of torture. *See Mu-Xing Wang*, 320 F.3d at 144; *Jian Xing Huang*, 421 F.3d at 129.

Avila-De La Cruz argues that the agency failed to adequately assess his past

8

harm, particularly the impact of his young age during the alleged gang recruitment and his cousins' later murders. But even if the harm he suffered in 2014 constituted torture due to his age, he has not explained how that fact would impact the agency's finding that he failed to establish the unidentified gang members remained interested in targeting him years later, which was a necessary "link in the chain" of events required to establish a likelihood of torture. *Savchuck*, 518 F.3d at 123; *see Suzhen Meng v. Holder*, 770 F.3d 1071, 1076 (2d Cir. 2014) ("Past torture does not give rise to a presumption of future torture. Rather, it serves as evidence of the *possibility* of future torture."). Insofar as he faults the IJ for not considering his cousins' murders in assessing the likelihood of his torture, he fails to acknowledge or challenge the IJ's finding that he did not present sufficient evidence linking those murders to him.

For these reasons, the agency did not err in denying CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Savchuck*, 518 F.3d at 123.

## III. Due Process

Avila-De La Cruz argues that the agency violated his due process rights by failing to consider his young age at the time he was attacked in denying asylum. As the Government argues, we may not consider this due process claim because

Avila-De La Cruz failed to raise it before the BIA. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (per curiam) (because petitioner "did not make a due process argument in [his] brief to the BIA," the claim is unexhausted and "we accordingly decline to review it"). Even if exhausted, Avila-De La Cruz has not shown that he was prejudiced by the agency's failure to explicitly account for his age at the time gang members attacked him, because he fails to explain how his vulnerability and degree of suffering related to his youth would have changed the agency's dispositive finding that his social groups were not cognizable. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10